**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | |
|---|---|
| JAVIER HERNANDEZ AND § | |
| ARACELI HERNANDEZ, § | |
| Plaintiffs, § | |
| § | |
| vs. § | Civil Action No. 2:16-cv-107 |
| § | |
| STATE FARM LLOYDS AND § | |
| RENE RODRIGUEZ, § | |
| Defendants. § | JURY REQUESTED |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

## INTRODUCTION

1. This is an insurance coverage and bad faith case. On or about March 29, 2016, Plaintiffs Juan Hernandez and Araceli Hernandez, (hereinafter sometimes referred to as "Plaintiffs") filed Plaintiffs' Original Petition in Cause No. 16-03-32879-MCVAJA in the 365th Judicial District Court of Maverick County, Texas, initiating a civil cause of action against State Farm Lloyds and Rene Rodriguez ("Rodriguez") (collectively, "Defendants").

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant State Farm Lloyds. Additionally, Rodriguez has been fraudulently joined for the purpose of defeating diversity.

3. Plaintiffs allege multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code, and

breach of the duty of good faith and fair dealing against State Farm Lloyds. As to Rodriguez, Plaintiffs assert claims for violations of Chapter 541 of the Texas Insurance Code. Plaintiffs further allege that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. State Farm Lloyds was served with Plaintiffs' Original Petition and Citation on or about June 10, 2016. Rodriguez has not been served with Plaintiffs' Original Petition but has made an appearance. State Farm Lloyds and Rodriguez filed their Original Answer on July 5, 2016.

5. State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## **GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. **Complete Diversity Exists Between the Parties.**

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Maverick County, Texas and are citizens of the State of Texas. *See Plaintiffs' Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie

proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

8. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. See, e.g., *Rodriguez v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and Plaintiffs are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

9. Finally, although Defendant Rodriguez is a citizen and resident of the State of Texas, he has been "fraudulently joined" in this lawsuit in that the Plaintiffs have not asserted any valid claim against him and joined him in this lawsuit solely in an effort to defeat diversity jurisdiction. A defendant may be disregarded as a party for purposes of establishing diversity if the court determines that the joinder is an improper device to defeat diversity jurisdiction and prevent removal. *Madison v. Vintage Pet., Inc.,* 114 F.3d 514 (5th Cir. 1997); *Smallwood v. Illinois Cen. Rail Co.,* 385 F.3d 568, 571 (5th Cir. 2004); *In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996); *Wilson v.*

*Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

10. To establish that a non-diverse defendant has been improperly joined, the removing party must prove: (1) actual fraud in the pleading of jurisdictional facts; or (2) the Plaintiffs' inability to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc.,* 344 F.3d 458, 461-62 (5th Cir. 2003); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H–09–1728, WL 3602043, *3 (S.D. Tex. Oct. 27, 2009) (Werlein, J.). However, whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the Plaintiffs' allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999). The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). In the instant case, this Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on Rodriguez. *See Ross,* 344 F.3d at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. *Id.* In evaluating that question, the Fifth Circuit has held that the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim. *See Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007) (*citing Ross,* 344 F.3d at 462-63); *accord Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).

11. In order to assert a cognizable claim, a plaintiff must put defendants on fair notice of the allegations against them, not require defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions. *See Weldon Contractors, Ltd. v.*

*Fireman's Fund Ins. Co.,* 4:09–cv–165–A, 2009 WL 1437837, *3–4 (N.D. Tex. May 22, 2009) (McBryde, J.) (finding allegations that listed Insurance Code provisions and asserted that "defendants" violated such provisions were "legal conclusions couched as factual allegations," which do not provide a reasonable possibility of recovery).  In order to assert an actionable cause of action against an adjuster, Texas federal courts require the plaintiff to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, No. H–11–2376, 2012 WL 1038678 (S.D. Tex. March 27, 2012) (Harmon, J.); *Centro Cristiano Cosecha Final, Inc. v. The Ohio Cas. Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011) (Harmon, J); *Gonzales v. Homeland Ins. Co. of New York,* No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011) (Harmon, J.); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011) (Harmon, J.); *Jimenez v. Travelers Indem. Co.,* No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. Mar.25, 2010) (Harmon, J.); *Glen Willow Apartments v. Lexington Ins. Co.,* No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001) (Harmon, J.).

12.     The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that plaintiff might be able to recover against an in-state defendant." *See Smallwood v. Illinois Cent. R.R. Co*., 385 F. 3d 568, 573 (5th Cir.2004).  The Court may conduct a Rule 12 (b)(6) type of analysis of the complaint to determine whether the plaintiff stated a claim under state law against the in-state defendant.  Id.  The Fifth Circuit recently clarified that it is the federal pleading standard that applies:  "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*:  'To pass muster under Rule 12 (b)(6), [a] complaint must have

contained 'enough facts to state a claim to relief that is plausible on its face.'" *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "Further, our precedent is clear: A federal court must apply the federal pleading standard." *Id*. at 208.

13. Plaintiffs' factual allegations regarding Defendant Rodriguez do not form the basis of an independent cause of action against him as opposed to the carrier. Rather, Plaintiffs filed suit against Rodriguez for the same reasons that Plaintiffs filed suit against State Farm Lloyds. They are unhappy that State Farm Lloyds allegedly denied "full" payment to them.

14. Texas law does not contemplate that an adjuster like Rodriguez will be held individually liable for the insurance carrier's decision on a claim. *See Thomas v. State Farm Lloyds*, 2015 WL 6751130 (N.D. Tex. 2015); *Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Servs., Inc*., 908 S.W.2d 516 (Tex. App.—Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). As Judge Melinda Harmon noted, claims against an individual adjuster for "insufficient investigation and undervaluing the claim, incorporated into a report to [the carrier], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code § 541.060(a), the DTPA, Business & Commerce Code §§ 17.41 et seq., and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Cas. Ins. Co.*, No. 4:10-cv-01846, Memorandum Opinion dated January 20, 2011, p. 38; *see also Okenkpu v. Allstate Texas Lloyd's*, 2012 WL 1038678 (S.D. Tex. 2012) (Harmon, J.) (finding allegations virtually identical to those asserted by plaintiff in the instant case insufficient to establish the possibility of a claim against the adjuster). In addition, the Fifth Circuit has held, "there is no reasonable possibility that Texas would allow recovery under [former] Article 21.21

(or the Texas Deceptive Trade Practices Act (DTPA) against an insurance company employee, who in the course of his employment engages in the business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DTPA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, *4 (S.D. Tex. 2009) (conclusory allegations regarding "some involvement" by adjuster assigned to investigate claim after initial denial was not sufficient to support claims of fraud and Insurance Code violations); *Ford v. Prop. & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. 2009) (pleading that individual defendant was one of the adjusters assigned to Plaintiffs' claim was not sufficient to satisfy obligation under Texas law to allege that the adjusters, as individuals, committed the violation that caused the harm).

15. Plaintiffs do not allege specific facts regarding specific misrepresentations by Rodriguez, nor do Plaintiffs allege any specific detrimental reliance and injury from any such representation. Texas courts have held that post-loss misrepresentations do not give rise to DTPA or Insurance Code liability. *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n.55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*; 2005 WL 1902120, *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied). Moreover, the Texas Supreme Court has recently noted that a dispute over whether a claim was factually within the policy's terms was not sufficient to be a misrepresentation under

the Texas Insurance Code. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012).

16. Based upon the allegations in the Plaintiffs' live pleading, there is no reasonable basis for predicting that Texas law will impose liability on Rodriguez for Plaintiffs' Chapter 541 claims or that Plaintiffs can establish a cause of action against him in state court. Rodriguez has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court and his citizenship should be disregarded. Therefore, complete diversity of citizenship exists between Plaintiffs and Defendants. Furthermore, because Rodriguez was improperly joined in this action, his consent to removal is not required in this case. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

**B.     The Amount in Controversy Exceeds $75,000.**

17. Additionally, the claims asserted by Plaintiffs exceed $75,000.00. Plaintiffs' Original Petition specifically states that Plaintiffs seek "monetary relief over $100,000 but not more than $200,000." *See* Exhibit A. Moreover, Plaintiffs made a pre-suit demand regarding their claim in the amount of $355,018.63. *See* Exhibit B.

**VENUE**

18. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 365th Judicial District Court of Maverick County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

**PROCEDURAL REQUIREMENTS**

19. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit. Additionally, attached as Exhibit C is a *List of Parties and Counsel* relating to this

action, and attached as Exhibit D hereto is an *Index of Matters Being Filed* in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

20. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

21. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the Clerk of the 365th Judicial District Court, Maverick County, Texas, promptly after Defendant files this Notice.

22. This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 365th Judicial District Court of Maverick County, Texas be removed to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: */s/ Ray R. Ortiz*
    Ray R. Ortiz – Attorney in Charge
    State Bar No. 15324280
    ray@jao-law.com
    Jonathan Law
    State Bar No 24028656
    jon@jao-law.com
10100 Reunion Place, Suite 600
San Antonio, TX 78216
Telephone: (210) 344-3900
Facsimile:  (210) 366-4301
**COUNSEL FOR DEFENDANT,**
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 5th day of July, 2016.

    Philip Broderick
    Arguello, Hope & Associates
    1110 NASA Parkway, Suite 620
    Houston, Texas 77058

    */s/ Ray R. Ortiz*
    Ray R. Ortiz/Jonathan Law