UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JAVIER HERNANDEZ AND<br>ARACELI HERNANDEZ, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-cv-107 |
| | § | |
| STATE FARM LLOYDS AND<br>RENE RODRIGUEZ, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' MOTION TO REMAND

**TO THE HONORABLE COURT**:

COMES NOW, Javier Hernandez and Araceli Hernandez ("Plaintiffs" or "Mr. and Mrs. Hernandez"), by and through the undersigned counsel, and files this *Plaintiffs' Motion to Remand*, pursuant to 28 U.S.C. §1447(c).

This motion is based upon the following: This Honorable Court does not have subject-matter jurisdiction over this lawsuit because Defendant State Farm Lloyds ("State Farm") and Rene Rodriguez ("Rodriguez") (hereinafter jointly referred to as "Defendants") have not shown that Defendant Rodriguez is a citizen of a different state than Mr. and Mrs. Hernandez. Furthermore, Defendant State Farm has failed to adequately prove that Defendant Rodriguez was improperly or fraudulently joined in Mr. and Mrs. Hernandez's complaint.

This motion is more fully supported by the following Memorandum of Points and Authorities, as set forth below:

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    SUMMARY OF CASE & BACKGROUND**

1.      The causes of action making the basis of this lawsuit arise out of an insurance claim made by Mr. and Mrs. Hernandez for damages to their real property located at 164 Heritage Farms Drive, Eagle Pass, Maverick County, Texas (the "Property").

2.      Mr. and Mrs. Hernandez made a claim against his Homeowner's Insurance Policy, issued by Defendant State Farm, seeking coverage for damages to the Property arising from a wind and/or hail storm, which struck Maverick County on or about April 23, 2014.

3.      Defendant State Farm assigned Rodriguez as the individual adjuster on the claim.

4.      Rodriguez is an individual resident and citizen of the State of Texas, per stipulation of his counsel. *See* Exhibit A, Defendant's Notice of Removal, at ¶ 9.

5.      Defendant Rodriguez conducted a substandard inspection which is evidenced in his report which failed to include many of Mr. and Mrs. Hernandez's damages. *See* Defendant's Exhibit B, Plaintiffs' Original Petition, at ¶ 15. The report prepared by Defendant Rodriguez did not allow for payment of sufficient funds to cover the cost of repairs for the majority of the damages sustained. *Id.* at ¶ 16.

6.      As a result of Defendant Rodriguez's unreasonable and inadequate investigation, Mr. and Mrs. Hernandez's claim has been improperly denied, causing them to suffer damages. *Id.* at ¶¶ 16-17. Further, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Mr. and Mrs. Hernandez additional damages. *Id.* at ¶ 18. To this date, Mr. and Mrs. Hernandez have yet to receive full payment under the insurance policy. *Id.* at ¶ 20.

7.      Further, Defendant Rodriguez misrepresented to Plaintiffs that many damages were not covered under the policy, even though the damages were caused by a "covered occurrence" under the Policy. *Id.* at ¶ 22.

8.      Defendant State Farm and Defendant Rodriguez, as Defendant State Farm's agent, performed an outcome-oriented investigation of Mr. and Mrs. Hernandez's claim, which resulted in a biased, unfair, and inequitable evaluation of their losses on their home. *Id.* at ¶ 26.

9.      Defendant State Farm's and Defendant Rodriguez's conduct constitutes breach of contract, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 33-60.

10.     As a result, Mr. and Mrs. Hernandez filed suit against Defendant State Farm and Defendant Rodriguez on March 29, 2016.

11.     Defendant State Farm removed this case to this Honorable Court on July 5, 2016 on the basis that Defendant Rodriguez was improperly joined. Def.'s Not. of Rem. ¶¶ 9-16. Defendant State Farm argues that Defendant Rodriguez was improperly and/or fraudulently joined as a party defendant to this lawsuit, and therefore his citizenship does not defeat federal court jurisdiction. *Id*.

12.     Defendant has not contested or denied Mr. and Mrs. Hernandez's assertion that Defendant Rodriguez lives in Texas and engages in the business of adjusting insurance claims in Texas.  In fact, Defendant State Farm stipulates that Defendant Rodriguez is a resident and citizen of the state of Texas. *See* Def.'s Not. of Rem. at ¶ 9.

13.     Removal is improper because complete diversity does not exist in this case and, therefore, this honorable Court lacks subject matter jurisdiction.  Moreover, Defendant Rodriguez is a properly joined party to this lawsuit, and Defendant State Farm has not yet met its burden in showing otherwise.

14.     Furthermore, removal is improper because Defendant State Farm has not shown that Defendant Rodriguez approves or consents of this removal pursuant to 28 USC §1446(b)(2)(A) and Mr. Rodriguez has made an appearance in this case. For the reasons set forth below, Mr. and Mrs. Hernandez request that this case be remanded back to state court.

## II.     ISSUE PRESENTED

15.     Whether the Court lacks subject matter jurisdiction over this lawsuit. In deciding this issue, the Court should consider whether Defendant Rodriguez, who resides in and is a citizen of Texas, was a properly joined party to this lawsuit.

## III.     ARGUMENTS & AUTHORITIES

16.     This Honorable Court lacks subject matter jurisdiction over this case because Defendant Rodriguez is a citizen of the State of Texas, adjusts insurance claims in Texas, and valid causes of action exist against him.

17.     Moreover, Defendant State Farm's Notice of Removal fails to state whether or not Defendant Rodriguez consents to the removal of this action. 28 U.S.C. §1446(b)(2)(A). As such, procedurally, Defendant State Farm's Notice of Removal must be denied.

### A.  THIS HONORABLE COURT LACKS JURISDICTION BECAUSE THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.

18.     "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).

19.     Mr. and Mrs. Hernandez do not contest that the amount in controversy exceeds the sum of $75,000.00. Nevertheless, this Honorable Court lacks jurisdiction because Defendant Rodriguez and Plaintiffs are citizens of the State of Texas.

20.     Defendant State Farm has not contested that Defendant Rodriguez is a resident and citizen of the State of Texas.  Further, Defendant has not provided any sort of evidence that could support the position that Defendant Rodriguez is a citizen of a state other than Texas.

21.     Therefore, Defendant State Farm has failed to meet all the requirements necessary for diversity jurisdiction in accordance with 28 U.S.C. § 1332(a)(1).

### B.  STANDARDS GOVERNING REMOVAL.

22.     Defendant State Farm removed this case based on its contention of that Defendant Rodriguez was not properly joined in this lawsuit, and as such, there is complete diversity of citizenship amongst the properly joined parties. *See* Def.'s Not. Of Removal at ¶ 10.

23.     The long-established rule is that the removing party "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

24.     When the Defendant challenges removal based upon diversity jurisdiction, the Defendant bears the burden of demonstrating that the removal is permissible. *See*, e.g., *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001). This burden extends to the requirement of diversity of citizenship. *See Williams v. Litton Loan Servicing*, C.A. No. 10-11866-MLW, 2011 U.S. Dist. LEXIS 90689, at *12 (D. Mass. Aug. 15, 2011); *See* also *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). There is a "strong presumption" against removal, meaning that the removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

25.     In *Bank One, Texas, N.A. v. Montle*, the court concluded that "the [evidence] presented to the district court provided an insufficient basis for the court to have found that [the defendant who removed the case to federal court] carried its burden of proving the existence of diversity jurisdiction." *Bank One, Texas, N.A. v. Montle*, 964 F.2d at 53. Therein, defendant produced a

letter from the plaintiff and an affidavit from a postal worker to try to meet its burden of proof. *Id.* at 52-3.

26.     Here, Defendant State Farm has not made any allegations or presented any evidence to prove that Defendant Rodriguez is not a citizen of the State of Texas and that, therefore, diversity jurisdiction does not exist.  In fact, Defendant State Farm admits that Defendant Rodriguez is a citizen of the State of Texas.  Thus, this Honorable Court should find that it does not have original jurisdiction in this case, and remand the instant case back to Judicial District Court of Maverick County.

### C.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE DEFENDANT STATE FARM HAS FAILED TO PROVE THAT DEFENDANT RODRIGUEZ WAS IMPROPERLY OR FRAUDULENTLY JOINED.

27.     Defendant Rodriguez has been properly joined because Mr. and Mrs. Hernandez have valid causes of action against him under the Texas Insurance Code. Defendant Rodriguez was the adjuster on Mr. and Mrs. Hernandez's claim.

#### i.    Valid Causes of Action are Alleged against Defendant Rodriguez.

28.     The Texas Supreme Court, the Fifth Circuit, and the U.S. District Court for the Southern District of Texas have recognized that adjusters can be held liable under the Texas Insurance Code.[1]

---

[1] Cornman vs. State Farm Lloyds, 2001 U.S. Dist. LEXIS 24472, at *12 (S.D. Tex. Nov. 19, 2001) (adjuster can be held liable because he services insurance policies after claims arise and because knowingly violated the Insurance Code by not fully, independently or promptly undertaking his adjusting functions, and by knowingly relying on an engineer who is biased in favor of Defendant State Farm); See also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998) (the Texas Supreme Court permitted a cause of action against an insurance agent accused of unfair insurance practices because the agent was an employee "engaged in the business of insurance."); Gasch v. Hartford, 491 F.3d 278, 282 (5th Cir. 2007) (a claims adjuster responsible for the servicing of insurance policies engages in the business of insurance).

29.     Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. TEX. INS. CODE ANN. § 541.003 (2005). The term "person" is defined as "any **individual**, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, **adjusters** and life insurance counselors." TEX. INS. CODE ANN. §541.002 (2005) (emphasis added).

30.     Thus, §541.002 specifically provides that the definition of "person" includes claims adjusters, such as Defendant Rodriguez, and Chapter 541, Subchapter A, provides a private cause of action against any person that engages in unfair or deceptive acts as provided in section 3 of the Subchapter. TEX. INS. CODE ANN. §541.003 (2005).

31.     In *Garrison Contractors*, the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers. *Liberty Mut. Ins. Co. v. Garrison Contr.*, 966 S.W.2d 482, 486-87 (Tex. 1998). The term "person," for the purpose of placing liability, includes individuals and company employees who are engaged in the business of insurance. *Id.* Thus, the wrongful conduct of an insurance adjuster can give rise to that individual's personal liability, despite Defendant Rodriguez's "subordinate" relationship with the insurance carrier.

32.     The Fifth Circuit, relying on *Garrison*, held that an adjuster can be held liable under the Insurance Code under Texas law. *Gasch v. Hartford*, 491 F.3d 278, 282-83 (5th Cir. 2007).

33.     The fact that *Garrison* and *Gasch* were decided under Article 21.21 makes no difference. Chapter 541 of the Insurance Code was simply a recodification of Article 21.21.[2] Further, the Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of 21.21.[3]

---

[2] Acts 2003, 78th Leg. R.S., Ch. 1274, H.B. 2922.
[3] Id. (relating to a non-substantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, including conforming amendments, repeals, and penalties).

34.     Thus, Defendant State Farm's removal is groundless and completely ignores precedent directly on point from the Texas Supreme Court and the Fifth Circuit holding that an adjuster can be held liable under Chapter 541 of the Texas Insurance Code.

35.     Defendant Rodriguez is a "person" liable under the Texas Insurance Code. *Gasch*, 491 F.3d at 282; *Garrison Contractors*, 966 S.W. 2d at 486-87. The Court should remand this case to state court because Mr. and Mrs. Hernandez has pled valid state law causes of action against Defendant Rodriguez.

### ii.     The Burden is on the Removing Defendant to Prove Improper Joinder.

36.     "A claim of fraudulent joinder must be 'plead with particularity,' supported by 'clear and convincing' evidence, and proven with 'certainty.'" *Dollar v. G.M. Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993).

37.     In removal cases, the removing party bears the significant burden of establishing the existence of federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The Fifth Circuit has stressed "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving joinder was improper." *Smallwood v. Illinois Central RR. Co.*, 385 F.3d 568, 576 (5th Cir. 2004). The court lacks subject matter jurisdiction when the removing party does not meet this burden. *Id.*

38.     To show joinder is improper, "[t]he removing party must prove that there is absolutely <u>no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).

Fraudulent joinder has been proven only if there is "no reasonable basis predicting that the Plaintiff might establish liability." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1995).

39.    "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, <u>the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case</u>." *Smallwood*, 385 F.3d at 573 (emphasis added). "[T]he Court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205. Further, "the court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Id.* at 206. Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

40.    The question before this Court is simply whether the causes of action asserted against Defendant Rodriguez are supported by the facts alleged and the laws of the State of Texas. *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152-53 (1914); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (a court may not go into the merits of the claims or defenses to determine whether non-diverse parties are fraudulently joined).

41.    In *Presley v. Am. First Ins. Co.*, the court granted plaintiff's motion to remand. *Presley v. Am. First Ins. Co.*, 2011 U.S. Dist. LEXIS 11455, at *14 (S.D. Tex. Feb. 7, 2011). The petition analyzed by the court stated that the adjuster "conducted a substandard inspection which is evidenced in his report which failed to include many of Plaintiff's damages noted upon inspection. His estimate did not allow adequate funds to cover repairs to restore the home…Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiff additional damage." *Id.* Further, the petition globally alleged that the adjuster and other defendants violated several other sections of the Texas Insurance Code. *Id.* at *7-*8. In

reaching its decision, the court reasoned that other "[c]ourts in this district have found that similar combinations of specific factual allegations against the individual insurance adjuster defendant and conclusory legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code. *Id.* at *8-*9.

42.     In this case, Mr. and Mrs. Hernandez have made strikingly similar allegations against Defendant State Farm and Defendant Rodriguez as the allegations made by the plaintiff in *Presley*. Moreover, Mr. and Mrs. Hernandez's petition is more precise in describing the violations committed by Defendant Rodriguez. For example, paragraph 33 of the Plaintiff's Original Petition states that "during his inspection, Mr. Rodriguez spent an inadequate time scoping for damages. This is most acutely seen in Mr. Rodriguez's omission of many covered damages from his report, such as the main dwelling roof, exterior damage of the dwelling, including the fascia, soffit, soffit vents, stucco siding, door, porch, patio door, and rail and accompanying structures on the property, including the pool area, family lounge, shed, and fence." Pl.'s Orig. Pet. at ¶ 33**.** Many other violations committed by Defendant Rodriguez are specified in Mr. and Mrs. Hernandez's petition. *See generally* Pl.'s Orig. Pet.

43.     As such, Defendant State Farm is unable to adequately prove that Defendant Rodriguez has been improperly joined to this lawsuit, and, therefore, this case should be remanded to state court.

## IV.     CONCLUSION

44.     The Court should remand this case to the 365th Judicial District Court of Maverick County, Texas. Federal jurisdiction under 28 U.S.C. §1332 requires the removing party to state facts showing a complete diversity of citizenship. Defendant State Farm failed to establish complete diversity and failed to prove improper joinder of Defendant Rodriguez. Therefore, this Honorable Court lacks subject matter jurisdiction and remanding is proper.

45.     This case is not removable pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C.

§1446. The Court should remand this case to state court. *Mayes v. Rapoport*, 198 F.3d 457, 461

(4th Cir. 1999).

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Honorable Court to grant

Plaintiffs' Motion to Remand. Plaintiffs also request any other and further relief, either at law or

in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

**By**:     */s/ Andres Arguello*
            Andres Arguello
            State Bar of Texas Number: 24089970
            Federal Number: 2514173
            1110 Nasa Parkway, Suite 620
            Houston, Texas 77058
            Andres@simplyjustice.com
            Telephone: (281) 532-5529
            Facsimile: (281)402-3534
            ***LEAD COUNSEL FOR PLAINTIFFS***
            ***JAVIER HERNANDEZ AND***
            ***ARACELI HERNANDEZ***

**OF COUNSEL:**
Philip Broderick
State Bar of Texas No. 24094561
Arguello Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
Tel: (281) 532-5529
Fax: (281) 402-3534
E-mail: philip@simplyjustice.com

PLAINTIFFS' MOTION TO REMAND                                      PAGE 11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 3rd day of August, 2016, as follows:

Ray R. Ortiz
State Bar No.: 15324280
ray@jao-law.com
Jonathan Law
State Bar No.: 24028656
jon@jao-law.com
JONES, ANDREWS & ORTIZ, P.C.
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 344-3900
Facsimile: (210) 366-4301
***COUNSEL FOR DEFENDANTS***
***STATE FARM LLOYDS***
***AND RENE RODRIGUEZ***

　　　　　　　　　　　　　　/s/ *Andres Arguello*
　　　　　　　　　　　　　　Andres Arguello

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on the 3rd day of August, 2016, I contacted Jonathan Law, counsel for Defendants State Farm Lloyds and Rene Rodriguez, via telephone regarding whether or not he opposed this Motion to Remand, and that Mr. Law opposed the same.

　　　　　　　　　　　　　　/s/ *Philip K. Broderick*
　　　　　　　　　　　　　　Philip K. Broderick